Shannon Hayes                               *
9916 Greenspire Way
Bowie, MD 20721                             *     IN THE

    **PLAINTIFF**                        *     CIRCUIT COURT

**VS.**                                     *     FOR

Midland Funding, LLC                        *     BALTIMORE CITY
C/O Corporation Service Company
Ste 400                                     *
2711 Centerville Rd
Wilmington, DE 19808                        *

    SERVE ON:                          *
    CSC-Lawyers Incorporating Service
    Company                            *
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202                *     CASE NO. _____

**AND**                                     *     24-C-15-3742

Midland Credit Management, Inc.             *
500 West First
Hutchinson, KS 67501                        *

    SERVE ON:                          *
    CSC-Lawyers Incorporating Service
    Company                            *
    7 St. Paul Street, Suite 1660
    Baltimore, MD 21202                *

    **DEFENDANTS**                     *

*   *   *   *   *   *   *   *   *   *   *   *

Case: 24-C-15-003742
CV File New
              $80.00
RIF-New Case
              $30.00
Appear Fee
              $20.00
MLSC
              $55.00
TOTAL     $185.00

Receipt #201500017350
Cashier: MST CCBCX82
07/17/15  10:41am

**COMPLAINT**
**AND**
**PRAYER FOR JURY TRIAL**

Plaintiff, Shannon Hayes, by and through her attorneys, Jane Santoni, Chelsea Ortega

and Williams & Santoni, LLP, hereby files this complaint against Defendants Midland Funding, LLC

1

and Midland Credit Management, Inc., and states for cause as follows:

## INTRODUCTION

1.      This is an action for actual damages filed by the Plaintiff pursuant to, the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Maryland Consumer Debt

Collection Act, Md. Code Ann. Com. Law § 14-201 *et seq.* and Maryland Consumer Protection Act

("MCPA") Maryland Annotated Code  Commercial Law Article § 13-301, *et seq.*

2.      Defendants violated these acts by continuing to attempt to collect a debt after the debt was

discharged in bankruptcy.

## PARTIES

3.      Plaintiff Shannon Hayes is an adult individual person residing in Prince George's

County, Maryland at all times relevant to this Complaint.

4.      Defendant Midland Funding, LLC is a Delaware corporation engaged in the business of

collecting debts from consumers.  Defendant Midland Funding, LLC is a "debt collector" as defined by

the FDCPA, 15 U.S.C § 1692a(6) and a "collector" as defined by MD. CODE ANN., COM. LAW § 14-

201.

5.      Defendant Midland Credit Management, Inc. is a Kansas corporation engaged in the

business of collecting debts from consumers.  Defendant Midland Credit Management, Inc. is a "debt

collector" as defined by the FDCPA, 15 U.S.C § 1692a(6) and a "collector" as defined by MD. CODE

ANN., COM. LAW § 14-201.

## JURISDICTION

6.    This Court has jurisdiction pursuant to MD. CODE ANN., CTS. & JUD. PROC. §§ 6-102(a) and 6-103. Both defendants have designated resident agents in Maryland for service of process and transact business within Maryland.

7.    Venue is proper pursuant to MD. CODE ANN., CTS. & JUD. PROC. §§ 6-201(a).  Both defendants carry on regular business in Baltimore City.

## FACTUAL ALLEGATIONS

8.    Plaintiff was granted a discharge under section 727 of title 11, United States Code (the Bankruptcy Code) on December 17, 2008. See attached Discharge of Debtor, Exhibit A.

9.    Plaintiff properly scheduled Verizon New York Inc., as a creditor on Schedule D with a balance due of $427.00. See the attached copy of Schedule D, Exhibit B. Verizon New York Inc. received actual notice of the Plaintiff's Chapter 7 discharge on December 17, 2008 when it received a copy by electronic transmission.  See attached Certificate of Notice, Exhibit C.

10.    In 2012, the Plaintiff began receiving collection calls and letters from Midland Credit Management, Inc. stating that it was collecting a debt for Midland Funding LLC and that the original creditor was Verizon New York Inc. She received calls from Midland Credit Management, Inc. on October 15, 2014 and October 25, 2014. The Plaintiff is still receiving calls and letters and receiving a letter from Midland Credit Management, Inc. as late as July 30, 2014, asking for payment in the amount of $1,057.08. See attached letter, Exhibit D.

11.    Plaintiff told Midland Credit Management, Inc. during one of these calls that the debt was discharged in bankruptcy, but the calls and letters continued.

12.    Plaintiff's counsel also alleges on information and belief that Midland Credit Management, Inc. and Midland Funding, LLC could have obtained actual notice of the Chapter 7 discharge through such proprietary services as AACER and BANKO.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13.    The allegations in all prior paragraphs of this complaint are realleged and incorporated herein by this reference.

14.    The FDCPA is applicable to this action because this is a consumer debt, Plaintiff is a consumer and Defendants are debt collectors. The foregoing acts and omissions by Defendants constitute violations of the FDCPA, which include, but are not limited to the following:

   a.  Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

   b.  Defendants' violations include, but are not limited to, engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt pursuant to 15 U.S.C. § 1692d.

   c.  Defendants may have violated the FDCPA in other ways to be determined.

15.    As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, damage to credit, statutory damages of $1,000.00, and attorney's fees.

WHEREFORE Plaintiff requests that judgment be entered against Defendants jointly and severally in excess of $75,000, plus costs and fees in accordance with the law and to be determined by this court.

## COUNT II
## VIOLATION OF MARYLAND'S DEBT COLLECTION ACT

16. The allegations in all prior paragraphs of this complaint are realleged and incorporated herein by this reference.

17. Defendants are collectors in accordance with Md. Ann. Code, Com. Law § 14-201(b) and the alleged debt for which the calls and letters were made is a consumer transaction in accordance with Md. Ann. Code, Com. Law § 14-201(c). Thus this statute is applicable to this transaction.

18. This act prohibits:

    a. claiming, attempting or threatening to enforce a right with knowledge that the right does not exist. Md. Ann. Code, Com. Law § 14-202(8).

19. Defendants' actions, as set forth above, violated this provision of the act by trying to collect a debt which was discharged in bankruptcy and may have violated other provisions of the act.

20. As a direct result of Defendants' actions, Plaintiff suffered injury, including economic damage/damage to credit, emotional distress and mental anguish.

WHEREFORE Plaintiff requests that judgment be entered against Defendants jointly and severally in excess of $75,000, plus costs and fees in accordance with the law and to be determined by this court.

## COUNT III
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MCPA)

21. The allegations in all prior paragraphs of this complaint are realigned and incorporated herein by this reference.

22. The violation of Maryland's Debt Collection Act is an unfair and deceptive trade practice in violation of the MCPA, Md. Ann. Code, Com. Law §13-301(14)(iii).

23.     Defendants have violated this act directly by making the calls and statements set forth above in violation of Md. Ann. Code, Com. Law §13-301 and Md. Ann. Code, Com. Law §13-303(4).

24.     Defendants may have violated this act in other ways.

WHEREFORE Plaintiff requests that judgment be entered against Defendants jointly and severally in excess of $75,000, plus costs and fees in accordance with the law and to be determined by this court.

Jane Santoni
Chelsea Ortega
Williams & Santoni LLP
401 Washington Avenue Suite 200
Towson, Maryland 21204
(410) 938-8666
Attorneys for Plaintiff

Shannon Hayes             *
10800 Bennington Drive
Upper Marlboro, MD 20774    *     IN THE

       **PLAINTIFF**        *     CIRCUIT COURT

**VS**.                      *     FOR

Midland Funding, LLC       *     BALTIMORE CITY
C/O Corporation Service Company
Ste 400                   *
2711 Centerville Rd
Wilmington, DE 19808       *

       SERVE ON:           *
       CSC-Lawyers Incorporating Service
       Company             *
       7 St. Paul Street, Suite 1660
       Baltimore, MD 21202     *     CASE NO. _____

**AND**                    *

Midland Credit Management, Inc.   *
500 West First
Hutchinson, KS 67501       *

       SERVE ON:           *
       CSC-Lawyers Incorporating Service
       Company             *
       7 St. Paul Street, Suite 1660
       Baltimore, MD 21202     *

       **DEFENDANTS**      *

*   *   *   *   *   *   *   *   *   *   *   *

### PRAYER FOR JURY TRIAL

The Plaintiff requests that the above action be tried by jury.

_Chelsea Ortega_

Jane Santoni
Chelsea Ortega
Williams & Santoni LLP
401 Washington Avenue Suite 200

Towson, Maryland 21204
(410) 938-8666
Attorneys for Plaintiff